In the Matter of the ESTATE OF THOMAS J. TIERNEY, Deceased.

*New Castle, December 29, 1965.*

*Thomas J. Healy, Jr.,* of Metten, Healy & Collins, Wilmington, for Mary T. Mullen and Francis Tierney, administrators of the estate of Thomas J. Tierney, deceased.

*Henry N. Herndon, Jr.,* of Morris, James, Hitchens & Williams, Wilmington, and *Chester B. Griffin,* Fort Pierce, Fla., for defendants Helen T. Mulderic, Mary T. Mullen and John S. Tierney, Jr.

*Alfred Fraczkowski,* Wilmington, for defendants William Tierney, Francis Tierney, John M. Tierney, Joseph Tierney, Cecilia Tierney, Mary T. Toukey, Helen M. Tierney, Teresa A. McCormick, Gertrude McKay, Marguerite Downey and Agnes C. Tierney.

SEITZ, Chancellor: The issue here is whether the statute governing the distribution of intestate personal property requires a per capita division among nephews and nieces, or a *per stirpes* division based upon a number of brothers and sisters of the intestate, where none of the brothers and sisters survived.

Thomas J. Tierney ("intestate") died intestate on January 29, 1965. His administrators seek instructions as to the proper distribu-

tion of the real and personal property belonging to the estate. Thomas had two brothers who predeceased him. One, John, had three children who survived the intestate ("John's children"). The other, William, had eleven children who survived the intestate ("William's children"). The matter was submitted on agreed facts. John's children contend that the distribution of the personalty should be made by right of representation (*per stirpes*) while William's children claim that there should be a per capita distribution. This is the decision on their cross-motions for summary judgment.

I need not consider whether the prayer with respect to the division of the realty is properly before the court because it is agreed that, insofar as the realty is concerned, the decisional law construing the statute applicable to such realty calls for its division by right of representation, viz., one-half to John's children and the other to William's children. 12 *Del.C.* § 502; *Godwin v. Marvel (Del. Orphans' Court)*, 99 *A.2d* 354. However, the distribution of the intestate's personal property is governed by different statutes and is a proper matter for decision by this court.

The present order of distribution of intestate personal property is found in 12 *Del.C.* § 512. The parties agree that numbered paragraph 3 thereof is here controlling. It provides:

"(3) If there be no father or mother, then to the intestate's brothers and sisters of the whole blood and the lawful issue of such of them as shall have died before the intestate."

The foregoing provision must be read along with 12 *Del.C.* § 513, which provides:

"Distribution among children, brothers, or other kin in equal degree, shall be in equal portions; but the issue of such of them as shall have died before the intestate, shall take according to stocks, by right of representation; and this rule shall hold, although the distribution be entirely among such issue."

The precursor of the present statutes was enacted before the American Revolution and carried over. However, in 1829 another distribution statute was enacted. It contained somewhat different

language, as the court noted in the Godwin opinion which, however, involved only realty:

> "* * * It will be noticed that the statute of distribution, enacted only two years after the statute of descent, contained an express direction that distribution among children, brothers or other kin in equal degrees shall be in equal portions; and this statement still appears in our present law of distribution. 12 *Del.C.* § 513. It was not included in the Act of 1827, however, nor is it found in our present law of descents. 12 *Del.C.* § 501."

Since he was dealing with realty only, Justice (then Judge) Carey noted in the Godwin opinion that he was not required to decide whether the language of the 1829 statute governing the distribution of intestate personal property also adopted a *per stirpes* rule. Since the substance of the language of the 1829 statute appears in the present law (12 *Del.C.* § 513), I am now required to decide whether the statutory change in 1829 was intended to alter the construction of the earlier statute announced in the Baning Will case in 1822 that such a distribution had to be *per stirpes, Del. Orph.,* 3 *Del. Cases* 49. . To the extent the dictum in *In re Cavender's Estate,* 14 *Del.Ch.* 465, 130 *A.* 746 suggests that the early governing law on the issue was otherwise, it is unacceptable. See *Godwin v. Marvel,* above.

Although the provision fixing the order of distribution of intestate personalty in this situation is indecisive (12 *Del.C.* § 512(3)), I fail to see how the language of § 513 can be construed to call for any conclusion other than that the issue of brothers and sisters (children here) who predecease an intestate take by right of representation even though the distribution is only to such issue. To adopt a per capita construction would require the court to ignore some of the language in § 513. It would also be at odds with the law governing the division of intestate realty in a similar situation. While this is not decisive, it would seem that where it is claimed that a change in the law was intended which would alter the common treatment of such realty and personalty, the language evidencing such an intention should be clear. That is not the case here. Indeed, I believe the statutory language employed can only be given full effect by finding that no change was intended.

I conclude that the personalty should be distributed *per stirpes* to the children of John and William. The motion of John's children will be granted and the motion of William's children will be denied.

Present order on notice.